UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISSAQUAH SCHOOL DISTRICT,<br><br>                                Plaintiff,<br><br>    v.<br><br>K.R. and P.W. on behalf of their minor child, P.W.,<br><br>                               Defendants. | No.<br><br>COMPLAINT AND PETITION FOR JUDICIAL REVIEW |

Plaintiff Issaquah School District (the "District") brings this action to appeal the Findings of Fact, Conclusions of Law, and Final Order ("ALJ Decision") entered by Administrative Law Judge Marek E. Falk on August 29, 2025. This appeal is made pursuant to 20 U.S.C. § 1415(i)(2) and Wash. Admin. Code § 392-172A-05115.

**I.   PARTIES**

1. Plaintiff is the Issaquah School District, a municipal corporation organized under the laws of Washington and located at 5150 220th Ave SE, Issaquah, WA 98029.

2. Defendants K.R. and P.W. are the parents of minor child P.W. and are residents of King County, Washington (collectively, "Defendants"). At all times relevant to this action, Defendants resided within the boundaries of the District and P.W. attended District schools. To protect the privacy of the minor child at issue, only Defendants' initials are used. The true identities of Defendants are known to all parties.

COMPLAINT AND PETITION FOR JUDICIAL REVIEW - 1

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## II. JURISDICTION AND VENUE

3. The District's claims arise under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400 *et seq.*; 28 U.S.C. §§ 2201 and 2202; and the state Education for All Act ("State Act"), Chapter 28A.155 RCW; and the regulations promulgated thereunder.

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1342 and 20 U.S.C. § 1415(i)(2).

5. Venue in the Western District of Washington at Seattle is appropriate as Defendants are residents of King County, Washington, and the District is a municipal corporation located in King County, Washington.

## III. FACTUAL ALLEGATIONS

6. The time period relevant to this action is August 2024 through June 2025. P.W. is eligible for special education services under the IDEA disability category of Other Health Impairment, and qualifies to receive services in the areas of speech/language, reading, writing, and social/emotional education. During the time period at issue, P.W. attended fourth grade at Briarwood Elementary School within the District.

7. Defendants initiated an administrative due process hearing regarding the provision of special education services to P.W., which was assigned Office of the Superintendent of Public Instruction Cause No. 2025-SE-0015 and Office of Administrative Hearings Cause No. 01-2025-OSPI-02457. An administrative hearing was held before Administrative Law Judge Marek E. Falk on June 2-5, 2025. The primary issues in the hearing were whether the District violated the IDEA by failing to provide P.W. a free appropriate public education ("FAPE") under the IDEA and whether Defendants were entitled to their requested relief, including compensatory education services, reimbursement for private tutoring costs, an Individualized Education Program ("IEP") with Defendants' preferred contents, and a private placement at District expense in a specific literacy program.

8. On August 29, 2025, the ALJ issued the ALJ Decision, a copy of which is attached as **Exhibit A**. Among other errors, the ALJ Decision included findings and conclusions

COMPLAINT AND PETITION FOR JUDICIAL
REVIEW - 2

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

that were inconsistent with and erroneous under the IDEA, and ordered relief that exceeded the scope of the ALJ's authority and that are otherwise inappropriate, disproportionate, and improper under the IDEA.

9.  The IDEA provides an appeal of the ALJ Decision as a matter of right. Specifically, 20 U.S.C. § 1415(i)(2)(A) states:

> Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

10. This right to appeal also is set forth in the Washington Administrative Code at Wash. Admin. Code § 392-172A-05115(1), which states:

> Any party aggrieved by the findings and decision made under WAC 392-172A-05105 through 392-172A-05110 or 392-172A-05165 has the right to bring a civil action with respect to the due process hearing request. The action may be brought in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy.

11. The District brings this appeal pursuant to the above-stated provisions.

### IV.    CAUSE OF ACTION: APPEAL OF ADMINISTRATIVE ORDER UNDER THE IDEA

12. The allegations in Paragraphs 1 to 11 are realleged and incorporated by reference.

13. The ALJ Decision erroneously found and concluded that the District failed to provide P.W. a FAPE, and therefore violated the IDEA, by not providing P.W. with specific special education services for a period of nine days. The ALJ further erroneously concluded that the District failed to revise the Student's IEP in December 2024. In so doing, the ALJ mischaracterized the record and relied on specific facts that were favorable to Defendants' argument, while ignoring others that were favorable to the District. The ALJ also erred in

COMPLAINT AND PETITION FOR JUDICIAL REVIEW - 3

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

awarding relief that was disproportionate and erroneous under the IDEA and that was inconsistent with the ALJ's findings and conclusions. The ALJ's award of relief also exceeded the scope of the ALJ's authority and otherwise violated the IDEA, as it ordered relief that interferes with the IEP development process, as outlined in the IDEA.

14. The District is aggrieved by the ALJ's Decision and is entitled to appeal that decision.

## V. RELIEF REQUESTED

The District requests that the Court enter an order:

1. Reversing the erroneous findings and conclusions in the ALJ Decision;

2. Reversing the ALJ's ordered remedies;

3. Granting the District its reasonable expenses, costs, and attorneys' fees incurred in this action, as authorized by law or equity; and

4. Any and all other relief as the Court may deem just and equitable.

DATED this 1st day of October, 2025.

> PACIFICA LAW GROUP LLP
>
> By  *s/ Sarah C. Johnson*
> Sarah C. Johnson, WSBA #34529
> Carlos A. Chavez, WSBA #34076
> *Attorneys for Plaintiff Issaquah School District*

COMPLAINT AND PETITION FOR JUDICIAL REVIEW - 4

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of October, 2025, I electronically filed the foregoing document with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing to all parties who are registered with the CM/ECF system.

In addition, Defendant was served via electronic mail, along with a request for a Waiver of Service of Summons.

Grace McDonough

COMPLAINT AND PETITION FOR JUDICIAL REVIEW - 5

PACIFICA LAW GROUP LLP
401 UNION STREET
SUITE 1600
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750